IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELEAZAR VILLEGAS,

    Plaintiff,                    No. CIV S- 00-1760 FCD GGH P

  vs.

C.A. TERHUNE, et al.,

    Defendants.                ORDER

/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  On June 23, 2005, this court filed an order which noted that defendants' March 23, 2005 motion for summary judgment was pending but that plaintiff alleged that he had been unable to file an opposition due to prison staff at Pleasant Valley State Prison (PVSP) denying him access to his legal property.  Also observed in the June 23, 2005 order was an earlier order, filed on April 26, 2005, wherein PVSP prison officials were cautioned not construe the court's February 9, 2005 order "so narrowly as to allow them to prevent plaintiff from access to his stored legal property so that he is unfairly hampered in his efforts to prepare an opposition to defendants' motion."

        In the April 26, 2005 order, plaintiff was informed that he must do more than simply complain of being denied access to his stored legal property but must provide evidence of

1

having sought access to the property and information as to when, by whom for what reason and duration he had been denied access. The June 23, 2005 order observed that plaintiff had filed a motion for sanctions and a contempt order, naming certain PVSP employees as responsible for depriving him of access to his legal property and claiming that he was experiencing retaliation for proceeding with litigation from some prison officials. After directing defendants to file a response within 10 days, the court then granted defendants' request for an extension of time until July 15, 2005 to do so. The order was signed, plainly nunc pro tunc, on July 18, 2005. Defendants filed their response on July 19, 2005, seeking leave to file their response four days late because, although declarations had been obtained in sufficient time to file the response of SVSP officials timely, defendants' counsel had difficulty having the declarations of four of the defendants returned because they are retired and communication with each of them is delayed by having to go through the California Department of Corrections and Rehabilitative Services Staff. See Declaration of Michael G. Lee, ¶¶ 3-4, filed July 19, 2005. The court will grant defendants leave to file their opposition late.

A new wrinkle appears, however, because, according to the California Department of Corrections, plaintiff paroled on July 20, 2005. Although defendants apparently served their response to plaintiff's motion on July 19, 2005 upon plaintiff at the SVSP address that was then the current address of record, it seems unlikely that plaintiff received it and, in any case, he could not have known whether the court would grant defendants leave to file the opposition four days late.

Plaintiff filed a notice of change of address, without attaching proof of service upon defendants, in this court docketed as filed on July 25, 2005, which notice plaintiff dated July 22, 2005. By order filed on August 12, 2005, this court directed plaintiff to file proof of service of the address change upon defendants within 15 days. Thereafter, in a document dated August 21, 2005, filed in the court's docket on August 24, 2005, plaintiff showed proof of service of defendants of his address change on August 21, 2005, and further stated that he had

served defendants with notice of his change of address in July, 2005 (notwithstanding his failure to provide evidence of same to this court).

In any event, it appears that plaintiff most probably never received defendants' opposition to his motion for sanctions and the court will direct defendants to re-serve their response to the motion upon plaintiff at his current address of record within 10 days. The court, thereafter, will direct plaintiff to show cause, within 30 days of being re-served with defendants' opposition, why his motion for sanctions and for a contempt order, in light of his having paroled, should not be denied as moot. Beyond that and in the alternative, within the same 30-day period, in light of defendants' substantive response, plaintiff must also show cause why his motion for sanctions should not be denied on the merits. Also, plaintiff must file his opposition to defendants' motion for summary judgment if he intends to oppose the motion, within 30 days of re-service of defendants' opposition to the motion for sanctions.

Local Rule 78-230(m) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Further, Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

By order filed May 25, 2001, plaintiff was advised of the above requirements for filing opposition under the Local Rules and cautioned that failure to comply with the Local Rules might result in the imposition of sanctions. Plaintiff is cautioned that failure to file his opposition as set forth herein may be deemed a waiver of opposition to defendants' dispositive motion.

Accordingly, IT IS ORDERED that:

1. Defendants' request for leave to file their July 19, 2005 opposition to plaintiff's June 10, 2005 motion for sanctions four days late is granted and the response is deemed timely filed;

2. Defendants are directed to re-serve plaintiff with their opposition to his motion for sanctions and contempt order upon his current address of record within 10 days;

3. Plaintiff is directed, within 30 days of re-service of defendants' opposition to his motion for sanctions to show cause why his motion should not be denied as moot and, alternatively, to show cause why his motion should not be denied on the merits, and, further, to file his opposition, if any, to defendants' March 23, 2005 motion for summary judgment; and

4. Plaintiff is cautioned that failure to file his opposition as directed herein to defendants' pending motion for summary judgment may be deemed a waiver of opposition to the motion.

DATED: 9/20/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
vill1760.ord2